Chicago, Rock Island & Pacific Railway Company v. C. A. Birk.

Decided January 5, 1907.

1.—Bill of Exception—Practice.

Where a bill of exception fails to disclose what the answer of a witness would have been to certain questions, an assignment of error based on the exclusion of such answers can not be considered.

2.—Charge—Construction.

A charge should be read and construed as a whole.

3.—Fireman—Road Master—Not Fellow Servants.

Even in jurisdictions where the common law obtains, a fireman on a locomotive and a road master, whose duty it is to keep the roadbed in proper con-

dition, are not such fellow servants as will relieve the railroad company from liability for injuries to the fireman resulting from negligence of the road master.

**4.—Personal Injuries—Concurring Negligence.**

Where, by the derailment of an engine a fireman is injured, and the derailment is caused by the concurring negligence of the engineer in running too fast and the negligence of the railroad in the maintenance of its track, the negligence of the engineer will not relieve the railroad from liability.

Appeal from the District Court of Montague County. Tried below before Hon. D. E. Barrett.

*N. H. Lassiter, Robert Harrison* and *Jas. H. Graham,* for appellant.— It was not the defendant's duty to use ordinary care to see that its track was in a reasonably safe condition so that the plaintiff, while he was in its service as a fireman, might perform his duties with a reasonable degree of safety. The charge indicated to the jury that it was the defendant's duty to keep its track in such condition that the plaintiff might perform his duties with a reasonable degree of safety.

The charge was on the weight of the evidence, wherein it charged that the plaintiff was not bound to inspect the track.

The second paragraph of the court's charge is as follows:

"It was the duty of the said defendant to use ordinary care to see that its track was in a reasonably safe condition, so that the plaintiff, if he was in its service as a fireman, might perform his duties with a reasonable degree of safety, and he had a right to assume that this duty had been discharged, and was not bound to inspect the track for himself. But if, on the other hand, the defendant used such care, its duty was fulfilled, even though an injury occurred. It was also the plaintiff's duty to exercise ordinary care for his own safety, and if he was guilty of contributory negligence he can not recover. Nor can he recover for the negligence of a fellow servant or where he assumed the risks." Galveston, H. & S. A. Ry. Co. v. Gormley, 91 Texas, 399; Galveston, H. & S. A. Ry. Co. v. English, 59 S. W. Rep., 627; Ft. Worth & D. C. Ry. Co. v. Roberts, 37 Texas Civ. App., 108.

The court erred in the fourth paragraph of the charge to the jury.

The charge is error, because it assumes that the defendant was guilty of negligence, and indicates to the jury that the court is of the opinion that the defendant was guilty of negligence.

The fourth paragraph of the court's charge is as follows:

"If you believe from the evidence that the plaintiff was not in the service of said defendant when he was injured; or that his injuries were not proximately caused by such negligence on the part of said defendant; or that they were caused or contributed to by the plaintiff's own negligence or want of ordinary care; or that they were caused by the engineer in charge of said locomotive running the same at an excessive rate of speed under the circumstances, or violating the orders which the company had given him in reference to speed at the point; or that they resulted from the risks ordinarily incident to the employment of a locomotive fireman—then, in either of such events you will find for the defendant." St. Louis S. W. Ry. Co. v. Smith, 63 S. W. Rep., 1064; Halsey v. Bell, 62 S. W. Rep., 1088.

The court erred in the seventh paragraph of the charge to the jury.

The seventh paragraph of the court's charge is error, because the plaintiff assumed such risk as he knew of, whether these risks were due to the negligence of the defendant or not.

The seventh paragraph of the court's charge is as follows:

"In connection with that portion of this charge relating to assumed risk you are instructed that although when he entered the service of said defendant as fireman, if he did so enter, the plaintiff assumed such risks as are ordinarily incident to such employment, and so far as this case is concerned, all risks except those due to the negligence of said defendant, you are instructed that he did not assume any risk arising from such negligence of said defendant, if any such negligence there was."

The plaintiff's evidence showed that he was familiar with the condition of the track at the place of the accident, and knew also that there was a slow order covering it.   Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 288; Houston & T. C. Ry. Co. v. Martin, 21 Texas Civ. App., 209.

The court erred in refusing to give special charge number 2, asked by defendant.   St. Louis & S. F. Ry. Co. v. Arnett, 37 Texas Civ. App., 523; Harrison v. New Jersey Sub. Water Co., 72 N. J. L., 196; Howd v. Mississippi Cent. Ry. Co., 50 Miss., 178; New Orleans J. & G. Ry. Co. v. Hughes, 49 Miss., 258; Malone v. Hathaway, 64 N. Y., 5; McKinnon v. Norcross, 148 Mass., 533; McDermott v. Pacific Ry. Co., 30 Mo., 115; Rohback v. Pacific Ry. Co., 43 Mo., 187; Parker v. Hannibal & St. J. Co., 19 S. W. Rep., 1119; Philadelphia & R. Ry. Co. v. Hughes, 119 Pa. St., 301; Gunter v. Graniteville Mfg. Co., 15 S. C., 443; Conlin v. Charleston, 15 Rich. (S. C.), 201; Manville v. Cleveland & T. Ry. Co., 11 Ohio St., 417; Little Miami Ry. Co. v. Fitzpatrick, 42 Ohio St., 318; Columbus & X. Ry. Co. v. Webb, 12 Ohio St., 475; King v. Boston & W. Co., 9 Cush., 112; McGee v. Boston Cordage Co., 139 Mass., 445; Smith v. Lowell Mfg. Co., 124 Mass., 114; Cooper v. Hamilton Mfg. Co., 14 Allen, 193; Wonder v. Baltimore & Ohio Ry. Co., 20 Md., 212; Columbus v. Arnold, 31 Ind., 174; Smoot v. Mobile & M. Ry. Co., 67 Ala., 13.

*Randell & Wood* and *Wilkins, Beaty & Vinson,* for appellee.

CONNER, Chief Justice.—This is an appeal from a judgment in appellee's favor for the sum of thirty-two hundred and fifty dollars as damages for personal injuries received in a derailment and wreck on appellant's line of railway in the Indian Territory.   Appellee alleged, as the cause of the wreck, that the railroad track and bridge at the point where the derailment occurred had been negligently and improperly constructed of worn and defective material and that the track was without ballast; or if said track and bridge had been properly constructed that the ties, rails, bolts, etc., had since been negligently allowed to become old, rotten and unfit for use, the joints of the rails to become loose and the ballast under the track to be washed out and removed. Appellee specified the injuries alleged to have been sustained, and charged that they were permanent.

The railway company pleaded a denial of the allegations of negligence, and specially that plaintiff was guilty of contributory negligence

in the manner of performing his duties at the time of the accident, also that the accident was the proximate result of the negligence of a fellow servant; that the injury occurred in the Indian Territory, where the common law was in force, and that under this law the plaintiff was not entitled to recover damages for an injury occurring by reason of the act of a fellow servant; also that he assumed the risk of the injury received by him.

It was admitted that the common law of England was in force at the time and place where appellee received his injuries, and, while conflicting, the evidence is sufficient to sustain the finding that the crossties and bridge timbers at the point of derailment were unsound, as alleged, and that in consequence thereof the rails had spread and the engine, upon which appellee was at the time employed as fireman, ran off of the track upon a curve and that he was injured and damaged in an amount equal to the verdict. It was also proven that appellant had a road-master in charge of the district within which the derailment occurred, whose business it was to examine and keep the track in proper condition; that there was also for such district a bridge superintendent, whose business it was to keep the bridges in good condition. Neither of these officers, however, testified, and we are therefore unable to say just what length of time the road and bridge had continued in the condition stated. We impute to the verdict, however, a finding that there was negligence on the part of appellant's track and bridge repairers in this respect. It was also shown that just before the accident an order had been delivered to the conductor and engineer of the train, requiring that it should not exceed fifteen miles per hour over that portion of the track, and there is evidence tending to show that the train at the time of the accident was running at a greater rate of speed, appellee himself testifying that it was going at the rate of fifteen to eighteen miles an hour, and other witnesses placed the rate of speed as high as twenty miles per hour. It also appeared that plaintiff had gone over the track during the night before, but there is no evidence other than this, tending to show that appellee knew the defective condition of the track or bridge, knowledge of which he denied. The engineer testified that a train on a track, going at a high rate of speed would be more likely to leave it on a curve than on a straight track, and that the reason of limiting trains to a certain speed is "because the company does not think the track at that particular place is safe for a higher rate of speed."

In the first and second assignments of error appellant objects to the action of the court in excluding the answers of witnesses therein named to the questions set out in the statement under these assignments. Inasmuch, however, as appellant's brief (as well, also, as its bills of exception) fails to show what would have been the answers of the witnesses named to the interrogatories propounded we are unable to say that there was error, and the burden of so showing certainly rests upon appellant.

Several objections to the court's charge are also made. We find no merit, however, in those urged under the third and fourth assignments of error. The second paragraph of the court's charge, complained of in the third assignment, plainly and correctly defines appellant's duty to use ordinary care to see that its track was in a reasonably safe con-

dition, so that appellee might perform his duties with a reasonable degree of safety to himself. Nor was this paragraph upon the weight of the evidence in also instructing the jury that appellee was not bound to inspect the track for himself. The objection to the fourth paragraph of the court's charge, to the effect that "it assumes that the defendant was guilty of negligence and indicates to the jury that the court is of the opinion that the defendant was guilty of negligence," entirely disappears when said paragraph is read together with other paragraphs. The charge, as a whole, very plainly submitted the issue of negligence to the jury, and there is no reasonable probability that they were misled in the particulars specified.

So, too, the objection to the seventh paragraph is without merit. Reading the sixth and seventh clauses of the charge together, it is perfectly apparent, we think, that the jury were instructed that appellee assumed the risks ordinarily incident to the employment of a locomotive fireman and such also as those of which he had knowledge. It is doubtful whether the evidence is sufficient to raise the issue that appellee knew of the dangerous condition of the bridge and track at the time and place of the accident, but if so, the charge as a whole sufficiently submitted the issue. Indeed, the court in the sixth paragraph specifically instructed the jury that if they believed from the evidence appellee knew of the defective condition of the track in question, if it was defective, and of the danger incident thereto, or if in the performance of his duties, by the exercise of ordinary care, he could have known thereof in time to have avoided injury by the use of such care for his safety as a person of ordinary prudence would have used under the same or similar circumstances, they would find for appellant.

A more serious objection, perhaps, is to be found under the sixth assignment, which is the action of the court in refusing the following special charge: "Unless you find from the evidence that the defendants, or one of them, failed to use and exercise ordinary care to select competent employes, whose duty it was to exercise ordinary care to keep that portion of the track and roadbed, and to operate its trains where the accident occurred, in reasonably safe condition, you will find for the defendants, even though you may believe from the evidence that the plaintiff sustained all the injuries and damages claimed by him in his pleadings."

The proposition asserted under this assignment is to the effect that appellant's road master and bridge superintendent and other employes whose duty it was to inspect and maintain the roadbed, were fellow servants of appellee, and that hence appellant is not liable for the negligence of such fellow servants. Appellant cites numerous authorities, some of which seem certainly to sustain its contention, but our own decisions, we think, are to the contrary, and of controlling effect. As early as the case of Railway Company v. Dunham, 49 Texas 181, and before the enactment of any fellow servants act on the part of our Legislature, so far as we know, it was held by our Supreme Court upon general principles that the railway company was liable for injuries received by one of its brakemen, proximately caused by negligence on the part of the road master and section hands, whose duty it was to maintain the track. The late case of the Missouri, K. & T. Ry. Co. of Texas

v. Keefe, 37 Texas Civ. App., 588, by the Court of Civil Appeals for the Fifth District, in which writ of error was refused by our Supreme Court, seems very closely in point. In that case a railroad brakeman was injured as a result of negligence on the part of those entrusted with the duty of keeping the track, upon which the brakeman was endeavoring to make a coupling, clear of cinders, and the court say: "It was the road master's duty to see that the section men removed the cinders. Appellant's duty to use ordinary care to provide a reasonably safe track and place for appellee to work having been delegated to its road master, he, in the discharge of such duty, was not a fellow servant of appellee. This fact did not relieve the company of its duty to use ordinary care to provide a reasonably safe track and yard for plaintiff to work." In this case, as in the one before us, the injury occurred in the Indian Territory, where it was stated, as here, that the common law was in force. So that whatever may be the view entertained by courts of other States, we think our own decisions, as well as the better reason, are against appellant's contentions.

The only remaining assignment is to the action of the court in overruling defendant's motion for a new trial because, as is insisted, "the verdict of the jury is contrary to the law and the evidence, in that the evidence shows that the accident was the result of the negligence of the plaintiff's fellow servants, in that they and the plaintiff were operating the train at the time the accident occurred at a rate of speed in excess of the rate allowed by the rules and orders of the defendant company, which rate was a dangerous rate of speed under the circumstances." This contention, however, we think must be overruled, for if it be admitted that the engineer, to whom this objection applies, was a fellow servant, and that he was guilty of negligence in running at a prohibited rate of speed, appellant is nevertheless liable if its own negligence in respect to the defective roadbed proximately contributed with that of the engineer to appellee's injuries. Appellant's negligence was not one of the risks assumed by appellee. The evidence is sufficient to support a finding to the effect that appellant's bridge and track repairers were guilty of negligence which proximately contributed to the injury. It is also sufficient to support appellee's contention that he was without knowledge of the condition of the track and was without contributory negligence of his own. It follows that appellant was liable and that the court properly overruled the motion for new trial. Judgment affirmed.

*Affirmed.*

Writ of error refused.